UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 11-317-KKC

ANDREA RICHARDSON, Individually,                                        PLAINTIFFS,
and as Administratrix of the
ESTATE OF LESLIE RICHARDSON

V.                          MEMORANDUM OPINION & ORDER

ROSE TRANSPORT, INC., ET AL.,                                          DEFENDANTS.

* * * * * * * * * * * *

Defendant Wabash National Corporation ("Wabash") has filed a motion to dismiss (R. 40) all claims filed by Plaintiff Andrea Richardson in her individual capacity and the Estate of Leslie Richardson. For the following reasons, the court will grant Wabash's motion and dismiss all claims.

Leslie Richardson was injured in a motor vehicle accident in Mercer County on September 25, 2008, when his car collided with a tractor trailer owned by Defendant Rose Transport, Inc. ("Rose Transport"). Richardson's vehicle became wedged underneath the trailer and he was dragged for over 1,000 feet before the vehicle came to a stop. Richardson suffered severe and permanent bodily injuries and damages, a portion of which were reimbursed pursuant to the Motor Vehicle Reparations Act (MVRA) and the last personal injury payment was remitted to him on September 2, 2009.

The trailer was connected to a tractor owned by Defendant XTRA Lease, LLC ("Xtra Lease"), which was designed and manufactured by Defendant Wabash. On September 1, 2011,

Leslie Richardson and his wife Andrea Richardson filed this lawsuit against Defendants XTRA Lease and Rose Transport in Mercer Circuit Court alleging negligence, negligence per se, and loss of consortium.  Thereafter, Leslie Richardson died on October 8, 2011.  Plaintiffs have submitted an expert witness damages report (*See* R. 42) which concludes that Richardson committed suicide by drug overdose.

On September 25, 2012, the Plaintiffs sought leave to amend their complaint and added Defendant Wabash, the manufacturer of the trailer, as a party to this action based on information obtained from an August 2012 inspection of the trailer.  *See* R. 29. The Amended Complaint adds claims of strict products liability, negligence, wrongful death and loss of consortium alleged against defendant Wabash.  Wabash seeks dismissal pursuant to Rule 12(b)(6) of all the claims asserted by both Andrea Richardson in her individual capacity and the Estate of Richardson.

    A.  **Andrea Richardson's Claims**

Plaintiff Andrea Richardson has brought claims in her individual capacity against Wabash for loss of consortium and strict products liability.  Both parties agree that under Kentucky law an action for loss of consortium must be brought by the plaintiff within one year after the plaintiff's spouse suffered his or her injury.  KRS § 413.140(1)(a); *Floyd v. Gray*, 657 S.W.2d 936, 938 (Ky. 1983).  Loss of consortium is a separate cause of action, not covered by the MVRA, but it is derivative of the underlying tort claim.  *Floyd*, 657 S.W.2d at 941-42.  This cause of action "belongs specifically to a spouse, not to the estate of the deceased."  *Martin v. Ohio Cnty Hosp. Corp.*, 295 S.W.3d 104, 107-108 (Ky. 2009).  The injury in question occurred in 2008, nearly four years before September 2012, when Andrea Richardson added a loss of consortium claim to her complaint as to this defendant.

Mrs. Richardson asserts her loss of consortium claim did not arise until the death of her spouse on October 8, 2011 and asks for the limitations period to run from that date, not the date of his injury in the 2008 motor vehicle collision. In support of her argument that the limitations period began upon the death of her husband, Andrea Richardson cites *Martin v. Ohio Cnty Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009). However, in *Martin*, the decedent was injured in an automobile accident and died hours later in the emergency room from injuries related to that accident. The facts of this case are markedly different. Here, Richardson died by his own hand three years after the automobile collision. The plaintiff alleges that his death was the proximate result of the defendants' conduct and that his death by drug overdose is attributable to his "significant brain damage from the collision." *See* R. 43 at 4. While this may be true, it does not change the statute of limitations period.

The court is not persuaded by Andrea Richardson's argument that her loss of consortium claim did not accrue until her husband's death almost three years after the accident. Under Kentucky law, absent a latent injury, the statute of limitations period begins to run on the date the injury is inflicted even where the injury is slight initially and its full extent is not known until years later. *Asher v. Unarco Material Handling Inc.*, 596 F.3d 313, 322 (6th Cir. 2010)(affirming district court's dismissal of claims as time barred under one year statute of limitations period because not brought within one year of the date of exposure to carbon-monoxide even though plaintiffs mistakenly attributed symptoms to influenza). There is no dispute that the collision occurred in September 2008. According to the statutory language an action for loss of consortium is required to be brought within one year after the injury. KRS § 413.140(a). Thus Andrea Richardson's claim for loss of consortium against defendant Wabash filed in 2012 is far beyond the applicable limitations period.

The Plaintiffs concede that Mrs. Richardson's claims in her individual capacity are limited to her loss of consortium claims and that her products liability claim against Wabash should be dismissed as it was alleged as the result of inadvertence or mistake. *See* R. 43 at 9. Therefore, the court will dismiss Mrs. Richardson's claim against defendant Wabash for loss of consortium as time barred and her claim for strict products liability by agreement among the parties.

### B. The Estate's Claims

Wabash also seeks dismissal of the Estate's claims for negligence, strict products liability, and wrongful death. Generally, an action for personal injury must be brought within one year after the action accrued or be time-barred. KRS § 413.140(1)(a). However, where the injured party is a "motor vehicle accident victim," the MVRA extends the limitations period to two years. KRS § 304.39-230(6)("[a]n action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs."). The court should engage in a two-part test to determine whether the MVRA is applicable: whether the injured persons were motor vehicle accident victims and whether their injuries arose out of the use of a motor vehicle. *State Farm Mut. Auto Insur. Co. v. Rains*, 715 S.W.2d 232, 233 (Ky. 1986).

The Estate's claims are time barred because they were filed against this defendant by the Amended Complaint in November 2012, nearly four years after the original injury occurred. The MVRA provides that an action "may be commenced not later than two (2) years after the injury, or the *death*[.]" (emphasis added). The Estate argues that by applying the plain language of the MVRA the claims were filed within the two year time period – from the date of Richardson's death in October 2011 – and are thus permissible. Wabash responds the court should ignore the

plain meaning because allowing these claims from the date of his death, rather than the date of the injury, would lead to an "absurd result" in allowing time-barred claims under the MVRA. *See Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984)(finding the court has "a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion."). This case presents a unique scenario in that Richardson's suicide occurred nearly three years following the original automobile collision. Although the plaintiffs urge the court to look to the date of his death as the appropriate date for determining the limitations period, the court will not do so because this type of injury is not within the scope of the MVRA.

Not all injuries having a connection with a motor vehicle are covered by the MVRA and its two year statute of limitations. *See Rains*, 715 S.W.2d 232, 233 (Ky. 1986)(persons shot and killed while riding in a vehicle were not 'motor vehicle accident victims' for purposes of the MVRA); *Morell v. Star Taxi*, 343 Fed. App'x 54, 60 (6th Cir. 2009)(finding woman who was followed into her home and raped by taxicab driver was not 'motor vehicle accident victim' for purposes of MVRA). Here, it is not disputed that Leslie Richardson was a motor vehicle accident victim for the purposes of the MVRA at the time of the collision in September 2008. The court will not extend the statute of limitations as suggested by Plaintiffs because death by suicide is not within the class of injuries the MVRA was designed to protect.

Under the second part of the *Rains* test, an injury only falls within the scope of the MVRA if the injury "arose out of the use of a motor vehicle." 715 S.W.2d at 233. There must be a "causal connection" between the injuries and the use of the motor vehicle. *Id.* While the plaintiffs allege that defendant Richardson's suicide was the result of his brain injuries sustained in the 2008 accident, and indeed this may even be true, this was not an injury that was incurred

during the "use" of a motor vehicle. *See also Commercial Union Assurance Cos. v. Howard*, 637 S.W.2d 647, 648 (Ky. 1982)(finding person injured while attempting to repair his own vehicle while parked in his driveway was not utilizing his truck as a vehicle for the purposes of MVRA coverage). Richardson's suicide simply does not fall within the scope of the type of injuries covered by the MVRA.

According to the MVRA, this action in tort may be commenced "not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." The appropriate date for when the limitations period began to run is either the date of the motor vehicle accident in September 2008 or the date the Richardsons received their last reparation payment in September 2009. The plaintiffs did not seek to add Wabash to this lawsuit until September 2012. Accordingly, the plaintiffs' claims in tort against Wabash are time-barred and must be dismissed.

For the reasons stated above,

**IT IS ORDERED** that Wabash's motion to dismiss (R. 40) is **GRANTED** as follows:

The claim for loss of consortium brought by plaintiff Richardson in her individual capacity against defendant Wabash is **DISMISSED** as time-barred.

The claim for strict products liability brought by plaintiff Richardson in her individual capacity against defendant Wabash is **DISMISSED** by agreement of both parties.

The remaining claims of negligence, strict products liability and wrongful death brought by the Estate against defendant Wabash are **DISMISSED** as time-barred.

Dated this 19th day of February, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge