UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

ANDREA RICHARDSON, Individually,
And as Administratrix of the
ESTATE OF LESLIE RICHARDSON,

    Plaintiffs,

V.

ROSE TRANSPORT, INC., ET AL.,

    Defendants.

CIVIL ACTION NO. 5:11-317-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

Plaintiffs Andrea Richardson and the Estate of Leslie Richardson have asked this Court to reconsider its dismissal of the Estate's claims against Defendant Wabash National Corporation. (DE 52). Furthermore, the plaintiffs move the Court for leave to cite additional authority to support their motion for reconsideration. (DE 65). For the reasons stated below, the Court will grant the motion to cite additional authority but deny the motion to reconsider.

### BACKGROUND

This case stems from a 2008 motor vehicle collision between a motor vehicle operated by Leslie Richardson and a tractor trailer operated by Jeffrey McCormick. McCormick was allegedly operating the tractor trailer in the course of his employment with Defendant Rose Transport, Inc. The trailer was owned by XTRA Lease, LLC and was designed and manufactured by Wabash.

Mr. Richardson suffered bodily injuries in the crash, which occurred on September 25, 2008. On September 2, 2009, Mr. Richardson received his last payment by his insurer related to the

injuries sustained in the crash. Mr. Richardson died from a drug overdose on October 8, 2011, allegedly as a result of the September 2008 car crash.

The plaintiffs initiated the present suit on September 1, 2011, naming Rose Transport and XTRA Lease as defendants. Thereafter, on September 5, 2012, the plaintiffs moved to amend the present case to add defendant Wabash, and the Court granted the request on November 1, 2012. (DE 29; DE 31).

Wabash asked this Court to dismiss all of the plaintiffs' claims against it as time barred by the statute of limitations. (DE 40). In a Memorandum Opinion and Order issued February 19, 2013, this Court held that Andrea Richardson's claims against Wabash for loss of consortium and all of the Estate's claims for negligence, strict liability, and wrongful death were time barred. Wabash's motion to dismiss pursuant to Rule 12(b)(6) was therefore granted. (DE 48). The plaintiffs now ask the Court to reconsider its prior ruling, focusing only on the claims brought by the Estate of Leslie Richardson against Wabash under the Motor Vehicle and Reparations Act (MVRA).

## DISCUSSION

### I. Statutory Background and Prior Dismissal under Rule 12(b)(6)

This case centers on the Motor Vehicle and Reparations Act (MVRA), and more specifically, its applicable statute of limitations. By way of overview, plaintiffs under Kentucky law generally have a one-year period to bring personal injury and wrongful death suits. *See* K.R.S. § 413.140(1); *Hammers v. Plunk*, 374 S.W.3d 324, 331 (Ky. Ct. App. 2011). These periods, however, are set by a general statute, and Kentucky law provides that a special statute preempts a conflicting general statute. *See Hammers*, 374 S.W.3d at 331 (quoting *Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50, 59 (Ky. Ct. App. 1999)).

2

One such special statute is the MVRA, which prescribes its own statute of limitations that applies for certain injuries arising out of the use of a motor vehicle. Under the MVRA, plaintiffs bringing a suit for tort liability "may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." K.R.S. § 304.39-230(6). Thus, the MVRA preempts the typical one-year period of limitations and replaces it with a two-year period that begins running at the latest of three events: the injury; the victim's death; or the date of the last reparations payment. This additional year in which to bring suit flows from the purpose of the MVRA, which is "[t]o reduce the need to resort to bargaining and litigation through a system which can pay victims of motor vehicle accidents without the delay, expense, aggravation, inconvenience, inequities and uncertainties of the liability system." *See* K.R.S. § 304.39-010(5). Because the MVRA encourages victims and insurers to settle financial obligations without litigation, the statute provides an additional year in which to bring suit to account for the extra delay that might occur prior to litigation. *See Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984) (finding that the MVRA grants a longer statute of limitations to balance that fact that it "encourage[s] those injured in auto accidents to look first to their no-fault benefits and then pursue a tort claim if necessary").

Notably, the MVRA's benefits and obligations are restricted to a particular class of persons: motor vehicle accident victims whose injuries arise out of the use of a motor vehicle. In *State Farm Mut. Auto. Ins. Co. v. Rains*, 715 S.W.2d 232 (Ky. 1986), the Kentucky Supreme Court developed a two-part test to determine whether a claim falls under the MVRA. *See id.* at 233. Courts are directed to first look at "whether the injured persons were motor vehicle accident victims," and second, "whether their injuries arose out of the use of a motor vehicle." *Id.* Thus,

3

under the *Rains* test courts are directed to make a threshold determination as to whether a claim falls within the scope of the MVRA as a matter of law. It is under this precedent that the Court made its prior ruling and found that the statute of limitations precluded suit against Wabash, which the plaintiff now asks this Court to reconsider.

In dismissing the claims against Wabash, the Court found that Mr. Richardson's death—which was indisputably the result of a drug overdose—is not the type of injury that falls within the scope of the MVRA. The MVRA's statute of limitations is two years long and begins running on the latest of three events: injury, death, or the date of the last reparations payment. Because "death" is included, the plaintiffs argued that the statute of limitations should begin running on October 8, 2011, the day Mr. Richardson died. The Court therefore analyzed whether Mr. Richardson's death by drug overdose is included within this statutory provision.

Applying the *Rains* test, the Court assumed that Mr. Richardson was a motor vehicle accident victim due to the accident occurring in 2008. Further, the Court assumed that the plaintiff's alleged causal connection between the 2008 accident and his eventual death was accurate. Despite these assumptions, the Court found that for the purposes of determining when the statute of limitations would begin to run, Mr. Richardson's death does not fall within the scope of the MVRA because a drug overdose is not an injury arising out of the use of a motor vehicle.

The effect of this finding was that the date on which the MVRA's two-year statute of limitations began to run could not be the date Mr. Richardson died. As noted above, the two-year limitations period is an exception to the general rule, which typically requires plaintiffs to bring suit within one year of the date the injury occurred. Under the general rule, Mr. Richardson's claim would have needed to be brought in September of 2009—three years before Wabash was added as a defendant, and two years before the suit was filed at all. But because

4

Mr. Richardson alleges injuries under the MVRA, he benefits from the additional year in the limitations period *and* a later starting date. These benefits, however, only extend to those injuries that fall within the scope of the MVRA, and are thus limited to the injury in 2008. There is no dispute that his death in 2011 was caused by a drug overdose, despite the plaintiffs' machinations over the word "suicide," and a drug overdose is simply not covered under the MVRA.

It is crucial to note that this ruling was ultimately about a statute of limitations. Mr. Richardson allowed a two-year statute of limitations period to lapse during his own lifetime. He voluntarily waived bringing suit against Wabash for three years after the accident occurred, and for more than two years after receiving his last reparations payment. Faced with these circumstances, the Court found that *even if* the plaintiff could draw a causal chain that connected the 2008 accident to his eventual drug overdose and death, it cannot revive the long-expired statutory limitations period. A drug overdose is simply not the type of injury that falls within the scope of the MVRA, and the Estate cannot use the MVRA to resurrect a statutory period that Mr. Richardson himself allowed to expire.[1]

## II. Plaintiffs' Motion to Reconsider

In their motion, the plaintiffs raise three reasons why the Court should reconsider its prior ruling. (DE 52-1). First, the plaintiffs contend that this Court erred when it failed to cite the appropriate standard of review for a motion to dismiss. The plaintiffs further allege that the Court should have converted the motion to dismiss into one for summary judgment and then

---

[1] In their reply memorandum, the plaintiffs argue—for the first time—that wrongful death actions accrue at the date of death. While this might be true, the general statute of limitations for wrongful death claims is inapplicable when a plaintiff's claim falls under the MVRA. *See Tucker v. Johnson*, 619 S.W.2d 496, 497 (Ky. Ct. App. 1981); *Hammers v. Plunk*, 374 S.W.3d 324, 331 (Ky. Ct. App. 2011). Thus, to the extent that the plaintiffs bring their action based on the motor vehicle accident in 2008, the Court looks to the MVRA's statute of limitations to determine when the cause of action accrued.

denied the motion on the grounds that there is a genuine dispute between parties over a material fact.  Second, the plaintiffs argue that the Court erred in its application of the second prong of the *Rains* test when it held that Mr. Richardson's drug overdose was not the type of injury falling within the scope of the MVRA.  According to the plaintiffs, the Court inappropriately ruled on a factual issue reserved for the jury.  Finally, the plaintiffs contend that the Court erred when it failed to consider that Wabash would not be prejudiced by allowing the suit to proceed.  In its reply memorandum, the plaintiffs also argue that it would create manifest injustice if Wabash were dismissed while the suit against the other defendants proceeded.

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e).  *Howard v. Magoffin Co. Bd. Of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597–98 (6th Cir. 2010)).  To succeed, plaintiffs must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).  However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Instead, "[m]otions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence."  *Id.*  Applying this standard, the Court will address each of the three arguments raised by the plaintiffs and deny the pending motion.

A.  The Court Did Not Use an Improper Standard of Review

The Estate contends that the Court should have treated Wabash's motion as one for summary judgment under Rule 56 because it was made "after a significant amount of discovery had already been conducted" and because the Court considered facts outside of the pleadings.  (DE

6

52-1, at 2–3). Further, to the extent that Wabash's motion *is* treated as one for summary judgment, the Estate argues that dismissal was inappropriate because there is a genuine dispute over a material fact: whether Mr. Richardson's suicide was caused by the accident in 2008.

To avoid a 12(b)(6) dismissal for failure to state a claim on which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Significantly, a court reviewing a motion to dismiss is required to accept all of the plaintiff's factual allegations as true, and consider only whether the defendant is entitled to dismissal as a matter of law. Similarly, courts may only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact *and the movant is entitled to judgment as a matter of law*." Fed. R. Civ. P. 56(a) (emphasis added). *See also Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). Although Wabash moved for dismissal under 12(b)(6), the plaintiffs contend the motion should have been treated as one for summary judgment. The Court agrees with the defendant, however, that the plaintiffs argue for a distinction that bears no material effect on this case.

"If the court considers matters outside the pleadings before it in a 12(b)(6) motion, the [motion] will automatically be converted into a Rule 56 summary judgment procedure." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (1996) (quoting *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Courts are permitted to convert a motion to dismiss into one for summary judgment so long as the parties are not "likely to be surprised by the proceedings." *See Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998) (allowing a court to convert a motion to one for summary judgment because the plaintiff was on notice after filing its own external materials for support). Otherwise, notice is

7

required. *Id.* The plaintiff contends that the Court converted the motion into one for summary judgment because it made a reference to the *plaintiffs' own* expert report when it referred to Mr. Richardson's death as a "suicide."[2] (DE 48, at 2). This argument is disingenuous at best, as the Court's reference arose only because the plaintiffs' response memorandum referenced the same report. (DE 43, at 4). There is no dispute that Mr. Richardson died by his own hand as a result of a drug overdose, and the Estate's protestations over semantics does not change this fact.

Even if this Court were to accept the disingenuous arguments made by the plaintiff, the result would be the same. The plaintiff is correct that when a court converts a motion to dismiss into one for summary judgment "the trial court cannot grant a summary judgment unless there is no genuine issue of material fact." *RMI Titanium Co.*, 78 F.3d at 1134. According to the plaintiff, this means the Court erred in dismissing the claims against Wabash because the parties dispute whether Mr. Richardson's death was caused by the 2008 accident. In its prior Order, however, the Court made clear that it *assumed* the plaintiffs' alleged causal connection was accurate, and dismissed the case as a matter of law. (DE 48, at 5–6). While the parties might dispute whether the accident was the proximate cause of Mr. Richardson's death, the statute of limitations bars his claim even if the plaintiffs' factual allegations are taken as true. Thus, there is no dispute over a *material* fact that has bearing on the appropriate statute of limitations.

---

[2] The Court notes that the plaintiffs intend to hide behind semantics that ultimately prove irrelevant to the determination at hand. Rather than state that Richardson died tragically from a drug overdose, the plaintiffs rely on an intentionally vague sentence in their own Amended Complaint that generally states "[a]s a proximate result of all of the Defendants' conduct . . . Leslie Richardson died on October 8, 2011[.]" The Court concedes that the later filed expert report, rather than the Amended Complaint, actually makes clear that Richardson died by his own hand, and the Court should have clarified this point in its recent Memorandum Opinion and Order of February 2013. To the extent that the plaintiffs object to the use of the word "suicide" rather than "drug overdose," they are advised that nothing in the Court's prior ruling turned on this distinction.

8

The Estate is therefore incorrect to the extent that it claims this Court erred in dismissing the claims against Wabash because the motion should have been converted to one of summary judgment and denied on the grounds that a genuine dispute over material facts exist.

B.  The Court Did Not Decide a Factual Issue Reserved for the Jury

The primary argument that the Estate advances for reconsidering the prior motion is that it was clear error for the Court to find that the 2008 accident did not cause Mr. Richardson's death. According to the Estate, factual questions about proximate cause are reserved for the jury, and the Court impermissibly made a factual finding when it analyzed the second prong of the *Rains* test and found that the causal connection between the injury and the drug overdose was insufficient to bring Mr. Richardson's death within the scope of the MVRA.

Contrary to the claims by the plaintiff, the Court did not determine whether Mr. Richardson's death was ultimately or proximately caused by the 2008 accident.  In the Memorandum Opinion and Order issued on February 19, 2013, the Court wrote that "[w]hile the plaintiffs allege that [] Richardson's suicide was the result of his brain injuries sustained in the 2008 accident, *and indeed this may even be true*, this was not an injury that was incurred during the 'use' of a motor vehicle." (DE 48, at 5–6) (emphasis added).  Thus, the Court assumed that the alleged causal chain was accurate and determined that it was not the *type* of causal connection that brings an injury or death within the scope of the MVRA.

The Estate might have misunderstood the Court's ruling because of its references to causation with regard to the statute of limitations analysis.  Although the Court agrees with the Estate that questions about proximate cause are reserved for the jury, the question in the prior ruling was not about proximate cause.  Under the *Rains* test, the Kentucky Supreme Court has directed courts to analyze the causal connection between an alleged injury and the use of a motor

9

vehicle in order to make a threshold determination as to whether the injury falls within the MVRA.  This is a legal question of statutory interpretation made under the assumption that all the plaintiffs' allegations are true.  It is possible, for example, to find that a defendant proximately caused a plaintiff's injury while still finding that the injury itself is not the type of injury that the MVRA covers.  But in using the word "causation" when deciding *Rains*, the Kentucky Supreme Court did not convert the legal question about a statute's scope into a factual question for the jury.

Several cases cited in the Court's prior order provide an apt analogy.  (DE 48, at 5).  In *Morell v. Star Taxi*, 343 Fed. App'x 54 (6th Cir. 2009), for example, there is little doubt that the defendant's employee proximately caused the injuries to the plaintiff.  The plaintiff in *Morell* was followed into her apartment by a taxicab driver who proceeded to rape her.  By holding that her injuries did not arise out of the use of a motor vehicle, the Court did *not* hold that the taxicab driver was not the proximate cause of her injuries.  Rather, the Court simply held that her injuries were not the type of injury falling within the MVRA.  *See id.* at 58–60.  *See also Rains*, 715 S.W.2d at 234 (finding that a gunshot injury does not fall within the scope of the MVRA). Similarly, this Court need not wade into whether Mr. Richardson's death was proximately caused by the accident in 2008.  It is sufficient, for the purposes of the motion to dismiss, that his drug overdose does not fall within the MVRA and thus cannot be used to restart an expired statute of limitations.

Finally, the plaintiffs argue that prior MVRA case law this Court relied on is not analogous to the present issue.  A motion for reconsideration "is not an opportunity to re-argue a case." *Engler*, 146 F.3d at 374.  The plaintiffs provide no reason why the Court's holding amounted to clear error, except to rehash its disagreement with its reasoning.  The Court agrees with the

defendant that "at best, the motion simply express[es] disagreement with [the Court's] decision, and treat[s], in effect, [the Court's] ruling and order as though they were an opponent's brief." (DE 56, at 3, quoting *Miller v. Norfolk Southern R. Co.*, 208 F. Supp. 2d 851, 853 (N.D. Ohio 2002)). Accordingly, the Court is not persuaded by the Estate's argument that it improperly applied the *Rains* test and decided a factual issue reserved for the jury.

### C. Whether Wabash Can Effectively Defend Itself Against the Claims Was Not Material

The final argument that the Estate advances for reconsideration is that Wabash would not be prejudiced by allowing the claims to proceed. In addition to this argument, in its reply memorandum the Estate claims that allowing Wabash to be dismissed from the suit would create a manifest injustice sufficient to satisfy the standard for a motion to reconsider.

The Estate appears to speculate as to whether the Court's prior decision was based on the notion that Wabash was somehow prejudiced by its late addition to this lawsuit. The Court's decision, however, was based solely on an application of the statute of limitations found in the MVRA and nothing else. This new argument does not "establish a manifest error of law" that would compel the Court to reconsider its prior decision. *See Engler*, 146 F.3d at 374.

In its reply memorandum, the Estate further contends that dismissing Wabash from the suit would create a manifest injustice to the plaintiffs because "the remaining Defendants will be forced to defend this case, while one of the responsible parties remains idle." (DE 57, at 11–12). This argument is unavailing in light of the fact that Wabash is being dismissed only because Mr. Richardson himself allowed the statutory limitations period to expire while he was alive.

The purpose of a statute of limitations is to "encourage[e] expeditious dispute resolution and . . . creat[e] confidence that long bygone incidents will not suddenly reemerge in litigation initiated at some unknown future time." *See Combs v. Int'l Ins. Co.*, 354 F.3d 568, 590–91 (6th

11

Cir. 2004). In Kentucky, the statutory limitations period for a personal injury suit is typically only one year from the date of the injury. *See* K.R.S. § 413.140(1)(a). Under the MVRA, however, the limitations period is extended to two years and does not always begin tolling at the time of the injury. *See* K.R.S. § 304.39-230(6). Mr. Richardson was injured in September of 2008 and passed away in October of 2011. During that time, he had a three-year period in which to bring suit, because the limitations period did not begin tolling until his last reparations payment was made one year after his injury. Thus, Mr. Richardson had three years from the date of his injury to bring suit, *chose not to*, and tragically passed away after the limitations period had lapsed.

The Estate now argues that it will create a manifest injustice if the Court does not allow Mr. Richardson's lapsed statutory limitations period to resurrect after his death. The Court finds no merit to this argument at all. No injustice is created by the dismissal of Wabash when Mr. Richardson himself had three years to bring suit if he so chose. Instead, Mr. Richardson waived his right to suit when he allowed the limitations period to expire, and the only injustice would be allowing this "long bygone incident[]" to "suddenly reemerge in litigation initiated at some unknown future time." *Combs*, 354 F.3d at 590–91.

### III. Plaintiffs' Motion to Cite Additional Authority

After the plaintiffs' motion to reconsider was submitted to the Court, the plaintiffs moved for leave to cite additional authority in support of their motion. (DE 65). In their motion, the plaintiffs request that they be permitted to cite two additional sources to support the motion to reconsider. First is a case from the Kentucky Court of Appeals, *Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50 (Ky. Ct. App. 1999), which the plaintiffs claim "is directly on point regarding the statute of limitations issue." (DE 65, at 1). Second is a transcript from the

deposition of Dr. David Shraberg, the plaintiffs' damages expert. In light of the fact that the Court finds these additional pieces of authority do not alter the outcome, the Court grants the plaintiffs' motion.

The plaintiffs contend that *Worldwide* supports their argument that the statute of limitations does not preclude suit here because the MVRA clearly allows the period to begin tolling "at death." In *Worldwide*, the court analyzed whether survivors of an accident may bring suit under the MVRA's two-year statute of limitations. Holding that it could, the court reasoned that allowing the limitations period to begin tolling "at death" would have no meaning if a survivor of the decedent could not bring the action. *See Worldwide*, 11 S.W.3d at 59.

But this is not the question presented here. There is no dispute that in some cases the statutory period can begin tolling at death. These are cases where an injury *that falls under the scope of the MVRA* results in death. The decedent in *Worldwide*, for example, was killed when he "crashed his pickup truck into the rear end of a coal truck." *Id.* at 52. In the present case, however, Mr. Richardson's death by drug overdose does not fall under the statutory scope of the MVRA, and thus cannot be used as the date in which the limitations period begins running. While some injuries do in fact begin tolling at death under the MVRA—as the statute and case law clearly indicate—Mr. Richardson's does not.

The deposition the plaintiffs intend to rely on is similarly inapplicable. Bizarrely, the plaintiffs wish to offer the deposition as proof that Mr. Richardson's death was *not* a suicide, despite the many references in their own pleadings to the contrary. (DE 52-1, at 3–8 (referring to Mr. Richardson's death as a "suicide" at least one time on each page)). But the exact characterization of Mr. Richardson's death, whether as an unintentional drug overdose or a suicide, is immaterial because the drug overdose remains beyond the reach of the MVRA in both

13

cases. Thus, to the extent that the plaintiffs believe the semantic difference between "suicide" and "drug overdose" affects the outcome of this issue, they are mistaken and the deposition evidence does not give the Court reason to reconsider its previous ruling.

## CONCLUSION

Because the plaintiffs failed to establish clear error of law, or any of the other bases for reconsideration, their motion will be denied. Accordingly, and for the above-stated reasons, **IT IS HEREBY ORDERED** that

1. The plaintiff's motion to cite additional authority (DE 65) is **GRANTED**; and

2. The plaintiff's motion for reconsideration (DE 52) is **DENIED**.

Dated this 22nd day of November, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

14